UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------X
                               :
JEFFREY SCHLOSSER              :   Civil No. 3:21CV01418(SALM)
                               :
v.                             :
                               :
DEPARTMENT OF CORRECTION       :   November 12, 2021
                               :
-------------------------------X
```

**ORDER**

Self-represented plaintiff Jeffrey Schlosser ("plaintiff" or "Schlosser") is a sentenced inmate confined at the Cheshire Correctional Institution ("Cheshire"). He has filed a document captioned "Emergency Injunction" which appears to request permission to file a complaint challenging the conditions of his confinement. See Doc. #1. Schlosser acknowledges: "The plaintiff is not allowed to file any federal complaints as he has violated the 3 strike Rule[.]" Doc. #1 at 2. Plaintiff contends, however, that he "currently has no remedy at law to resolve the grossly inadequate medical/mental health care he is receiving at Cheshire CI[.]" Id. The Court construes this submission as a motion for leave to file a civil complaint.

The Prison Litigation Reform Act ("PLRA") includes what is commonly referred to as a "three-strikes" rule that prohibits prisoners from filing civil actions in forma pauperis ("IFP")

1

under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Schlosser is subject to this bar, because the Court has previously dismissed at least three actions brought by him in forma pauperis for failure to state a claim. See Schlosser v. Elzea, et al., No. 3:19CV01380(SRU), 2020 WL 887752 (D. Conn. Feb. 24, 2020) (dismissing all counts for failure to state a claim upon which relief may be granted); Schlosser v. Manuel, et al., No. 3:19CV01444(SRU), 2020 WL 127700*5 (D. Conn. Jan. 10, 2020) (dismissing complaint pursuant to §1915A(b)(1)); Schlosser v. Cook, et al., No. 3:19CV01971(SRU), 2020 WL 3843699 (D. Conn. July 8, 2020) (dismissing complaint pursuant to §1915A(b)(1)).

Schlosser therefore may not bring a civil action without pre-payment of the filing fee unless he sufficiently alleges that he is presently in "imminent danger of serious physical injury." 28 U.S.C. §1915(g). "To qualify for the [imminent danger] exception, however, a prisoner must allege facts

sufficient to show that he was under imminent danger of serious physical injury at the time the complaint is filed; it is not sufficient to allege that harms had already occurred." Akassy v. Hardy, 887 F.3d 91, 96 (2d Cir. 2018).

Here, plaintiff alleges that "on or about 9-11-20 state psychiatrist Maurice Lee removed the plaintiff from his mental health medication Benydryl[.]" Doc. #1 at 1 (sic). Plaintiff asserts that when the Benadryl prescription was terminated in or about September 2020, he "experienced blisters, lesions, sores, lumps or swells over a majority of his body." Id. Although these allegations certainly indicate that plaintiff experienced discomfort, Schlosser has not sufficiently alleged that he faces imminent danger of serious physical injury.

Furthermore, the medical records provided by plaintiff in this matter reveal that he does not face imminent danger because he is in fact receiving consistent medical attention for his skin problems. See, e.g., Doc. #1 at 21 (Dec. 23, 2020, consult with APRN re: skin issues, prescription for calamine given); id. at 22 (Dec. 30, 2020, consult with APRN re: skin issues, referred to dermatologist); id. at 23 (Mar. 17, 2021, note indicating plaintiff is being referred to UConn dermatology); id. at 24 (June 1, 2021, dermatology consult, prescription for ointment given); id. at 29 (June 2, 2021, dermatology consult at

outside facility, triamcinolone ordered); id. at 27 (June 17, 2021, consult with APRN re: skin issues, prescription for "new lotion" and special soap given; notation that skin biopsy was conducted and returned benign).

On August 31, 2021, plaintiff was seen by a Physician's Assistant, who concluded that plaintiff was in "denial about his skin picking disorder." Doc. #1 at 40. The PA notes that Schlosser had "clearly been seeking benadryl but I think it is appropriate to try 14 days for any improvement." Id. (sic). At the follow-up appointment on September 14, 2021, the PA noted that Schlosser's "skin picking" had improved, and he therefore continued the Benadryl prescription. Id. at 41. He also adjusted plaintiff's gabapentin prescription and reordered triamcinolone cream. See id.

In sum, plaintiff is not only receiving consistent medical attention for his skin conditions, as of August 31, 2021, he was in fact being prescribed Benadryl, as he wished. Accordingly, the Court finds that plaintiff does not qualify for the imminent danger exception under §1915(g).

If plaintiff wishes to pursue this matter, he must pay the full filing fee of $402.00 by sending a bank check or money order made payable to the Clerk of Court to the Clerk's Office, 141 Church Street, New Haven, CT, 06510, by **December 3, 2021**.

If plaintiff fails to pay the filing fee by **December 3, 2021,** this matter will be **DISMISSED.**

It is so ordered this 12th day of November, 2021, at New Haven, Connecticut.

_____/s/_____
Sarah A. L. Merriam
United States District Judge